Dominick M. Manco, Esq.
216 River Avenue, Suite 110
Lakewood, NJ 08701
732-987-3920
732-987-3921 fax
Attorneys for PLAINTIFF

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Frederick J. TODD,<br><br>    Plaintiff,<br><br>vs.<br><br>Mark FINKELSTEIN; LANCASTER PROPERTY HOLDINGS, LLC; DOES 1-10,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT FOR**<br><br>**1. BREACH OF CONTRACT;**<br>**2. BREACH OF FIDUCIARY DUTY;**<br>**3. FRAUD;**<br>**4. CONSTRUCTIVE TRUST;**<br>**5. ACCOUNTING;**<br>**6. RECEIVER;**<br>**7. DECLARATORY RELIEF;**<br><br>**DEMAND FOR JURY TRIAL** |

Frederick J. Todd ("Plaintiff"), on information and belief, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action seeking damages and other relief for breach of contract, breach of fiduciary duty, and fraud.

## PARTIES

2. Plaintiff Frederick J. Todd is a United States citizen and resident of New Jersey. Plaintiff is an ordained rabbi.

3. Defendant Mark Finkelstein is a United States citizen and resident of New Jersey.

4. Plaintiff is informed, believes, and thereupon alleges that Defendant Lancaster Property Holdings, LLC ("LPH") is a limited liability company [with Defendant Finkelstein as the sole owner]. Defendant LPC is formed under the laws of the state of Pennsylvania with its principal place of business at 4808 Tacony St., Philadelphia, Penn, 19137.

5. Plaintiff is informed, believes, and thereupon alleges that there are other Defendants holding proceeds derived from or benefiting from the use of Plaintiff's property. The true names and capacities of Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Each of the Defendants designated herein as DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Plaintiff, as herein alleged. Plaintiff will amend this Complaint to show true names and capacities when they have been ascertained.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendants Finkelstein and LPC because Defendants have purposely availed themselves of this forum. The Agreement was formed under the laws of New Jersey and established the chief executive office and principal place of business of the Partnership at 360 Valley Avenue, Apartment 23, Hammonton NJ 08037. Additionally, the Agreement provides that New Jersey law governs. Defendant LPC is wholly owned by

1

TODD vs. FINKELSTEIN AND LANCASTER PROPERTY HOLDINGS LLC
COMPLAINT

Finkelstein, who signed and made promises in the Agreement with respect to LPC's rights and obligations in relation to Plaintiff, and therefore LPC also availed itself of the New Jersey forum.

7. This Court has subject matter jurisdiction over Defendants pursuant to 28 U.S.C. § 1332. Plaintiff, a New Jersey resident, is diverse to Defendant LPC. Plaintiff seeks compensatory and punitive damages in excess of $310,000.

8. Venue is proper within this Court because the Partnership is established in New Jersey under New Jersey law, and the Agreement explicitly provides for venue in New Jersey. Additionally, the business of the Partnership was conducted there and the money paid by Plaintiff to Defendants was used in New Jersey.

## FACTS COMMON TO ALL COUNTS

9. Defendant LPC, an entity wholly owned by Defendant Finkelstein, was the owner of real property located at 5351 Lancaster Avenue, Philadelphia, PA 19131 ("Lancaster Property"). The tenant of the Lancaster Property was a retail furniture store named Furniture Sir-Plus ("Lancaster Store").

10. In autumn 2008, Defendant Finkelstein approached Plaintiff, a rabbi and well-known figure in the New Jersey Jewish community, seeking financial assistance. Defendants wished to purchase additional property, located at 4808 to 4828 Talcony Street, Philadelphia, PA 19151 ("Talcony Property"), and open a second Furniture Sir-Plus store ("Talcony Store"). In fact, Defendants had already begun construction of the Talcony Store, but had run out of funds and all further construction work had been halted as a result, and thus Defendants were desperately searching for an alternative source of funding.

11. On November 2, 2008, Plaintiff and Defendant Finkelstein signed a General Partnership Agreement ("Agreement") establishing the Todd-Finkelstein Partnership ("Partnership"), organized under the laws of New Jersey. A true and correct copy of the Agreement is attached hereto as <u>Exhibit A</u>.

12. Plaintiff and Defendant each had a 50% interest in the Partnership. See id. at

2

TODD vs. FINKELSTEIN AND LANCASTER PROPERTY HOLDINGS LLC
COMPLAINT

13. The business of the Partnership was to purchase the Talcony Property for the purpose of investment. The Partnership was also to take ownership of the Talcony Store. Pursuant to the Agreement, Plaintiff was to seek financing for the purchase of the Talcony Property.

14. The Partnership was to be funded by a capital contribution of $260,000 from Plaintiff. Defendants Finkelstein and LPH contributed assets already invested in not only the Talcony Property and Store, but also the Lancaster Property and Store. In addition, Defendant Finkelstein agreed to contribute $270,000 to fund the Partnership, payable as needed but in any event within two years, or by November 2, 2010.

15. Plaintiff duly contributed $250,000 on [date] toward the purchase of the Talcony Property, and in addition Plaintiff paid $60,000 to a mortgage broker to arrange the remainder of the financing.

16. Defendants Finkelstein and LPC immediately used Plaintiff's funds to complete construction of the Talcony Store and purchase inventory.

17. However, when Plaintiff asked for an accounting, Defendant refused to provide Plaintiff with any information as to how the money had been allocated. Plaintiff has never seen a list of suppliers, has never received copies of supplier invoices, and has not been provided with bank statements for the Talcony Property and Store accounts. This is a direct breach of the Agreement, which provides that "Each Partner agrees: (a) to account to the Partnership and hold as trustee for the Partnership any property, profit or benefit derived by such Partner in the conduct and winding up of the Partnership business or derived from a use by the Partner of partnership property. . . ." *See* Ex. A, ¶ 9.2.

18. Defendants also have not given Plaintiff his Partnership share of the profits from the Talcony Store, to which he is entitled under the Agreement. The refusal to share profits from the Talcony Store constitutes an additional breach of contract.

19. Further, Defendants have consistently refused to provide an accounting to Plaintiff, and as such Defendants' conduct constitutes a breach of his fiduciary duty toward Plaintiff as a trustee of Partnership property, as provided in the Agreement and in the New Jersey law of partnerships New Jersey Statutes 42:1A-24.

3

TODD vs. FINKELSTEIN AND LANCASTER PROPERTY HOLDINGS LLC
COMPLAINT

20. Finally, Plaintiff's willingness to enter into the Partnership and his agreement regarding the amount of his contribution to the Partnership was based on and induced by Defendants' representations to Plaintiff. Since signing the Agreement in 2008, Plaintiff has discovered that Defendants made material misrepresentations to him regarding the fair market valuation of the Talcony Property, the rental value of the Talcony Store, and the quality and reliability of the Talcony Store tenants. Defendants' misrepresentations have resulted in Plaintiff's inability to secure complete financing for the Talcony Property and constitute fraud on the part of Defendants, who knew or should have known of the true value of the Talcony Store and Property.

21. As a result of Defendants' possession and use of the $310,000 paid by Plaintiff and breach of fiduciary duty, Defendants have been unjustly enriched.

22. Plaintiff has already attempted to resolve this dispute in the [Besdin Melhon Lhorya] Rabbinic Court in [Moncey, New Jersey], as required under the Agreement. According to Jewish law, it is forbidden to bring a dispute to secular court without the permission of a Rabbinic court. Although Defendants received proper notice and assured Plaintiff they would appear at the Rabbinic court, they did not and therefore Plaintiff has received permission to file this complaint.

23. Accordingly, Plaintiff now brings suit for breach of contract, breach of fiduciary duty, and fraud, and seeks compensatory and punitive damages in amounts within the jurisdictional limits of this Court, as well as an accounting, receivership, constructive trust, and declaratory relief stating each party's obligations.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

24. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 23 above.

25. Under the Agreement, Plaintiff was to make a capital contribution to the Partnership of $260,000, and in addition seek financing for the Talcony Property. In return, Plaintiff would receive a 50% ownership interest in the Talcony Property and Talcony Store through the Partnership.

4

TODD vs. FINKELSTEIN AND LANCASTER PROPERTY HOLDINGS LLC
COMPLAINT

26. Plaintiff duly paid $250,000 directly to Defendants, and in addition paid $60,000 to a mortgage broker to secure complete financing for the Talcony Property. Defendants have used Plaintiff's funds to complete construction of the Talcony Store and purchase inventory in order to open the business and begin selling.

27. However, Defendants have refused to provide any accounting whatsoever to Plaintiff as to how the money was used, including supplier and bank account information.

28. Defendants have also refused to turn over Plaintiff's 50% share of the profits from the Talcony Store, as required under the Agreement.

29. Accordingly, Defendants are in breach of the Agreement. Plaintiff seeks specific performance as well as compensatory damages in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

30. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 29 above.

31. As alleged herein, Defendants have received the benefits of Plaintiff's property and assets as set forth above.

32. As a partner to Plaintiff, Defendant Finkelstein owed a fiduciary duty of care to Plaintiff as a trustee of Partnership property and assets to provide an accounting and act with good faith in the best interests in the Partnership. By failing to do so, Defendant Finkelstein – and through him, Defendant LPC – manifestly breached this duty and caused substantial harm to Plaintiff.

33. Accordingly, Defendants have breached their fiduciary duties to Plaintiff and have been unjustly enriched, and it would be inequitable for Defendants to be allowed to retain Plaintiff's assets and property without being ordered to disgorge the profits from the use of those assets and property and be subject to punitive damages as a result.

## THIRD CAUSE OF ACTION

## FRAUD

34. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 33 above.

5

TODD vs. FINKELSTEIN AND LANCASTER PROPERTY HOLDINGS LLC
COMPLAINT

35. Defendants intentionally and negligently made misrepresentations of material fact by negotiating and entering into the Agreement without intending to fulfill their obligations under the Agreement. Defendants also intentionally and negligently misrepresented the value of the Talcony Property, the value of rent from the Talcony Store, and the quality of the tenants which Defendant knew would be running the Store. Plaintiff reasonably relied on Defendants' misrepresentations, which induced him to sign the Agreement and resulted in substantial harm to Plaintiff as he has performed his obligation to provide funding in the amount of $310,000 but has not received an accounting or his share of profitss in return.

36. Such misrepresentations also constitute false promises to Plaintiff that Defendants would perform their obligations without intending to do so.

37. As a direct result, Defendants have been unjustly enriched at Plaintiff's expense and have caused Plaintiff to incur damages and injuries to his rights and property resulting from Defendants' wrongful conversion and use of Plaintiffs' property. Accordingly, Plaintiff seeks all legal and equitable remedies to compensate him for Defendants' fraud.

### FOURTH CAUSE OF ACTION
### CONSTRUCTIVE TRUST

38. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 37 above.

39. Defendants have taken title to and/or come into possession of various assets which rightfully belong to Plaintiff. As a result of Defendants' acquisition, control and use of Plaintiff's property, without Plaintiff's consent, Defendants have been unjustly enriched as alleged herein.

40. As a result of Defendants' unjust enrichment arising from their use and possession of Plaintiff's property described herein, a constructive trust exists wherein Defendants are the constructive trustees of all property and assets belonging to Plaintiff and Defendants are therefore under a duty to account for and convey said property to Plaintiff as the beneficiary of the constructive trust. Accordingly, a constructive trust exists as to the $310,000 which Plaintiff reasonably and in good faith conveyed to Defendants pursuant to the Agreement, and as to

6

TODD vs. FINKELSTEIN AND LANCASTER PROPERTY HOLDINGS LLC
COMPLAINT

Plaintiff's rightful ownership and share in the Talcony Property and Talcony Store through the Partnership.

### FIFTH CAUSE OF ACTION
### ACCOUNTING

41. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 40 above.

42. Defendants have taken title to and/or come into possession of various assets which rightfully belong to Plaintiff. As a result of Defendants' acquisition, control and use of Plaintiff's property, without Plaintiff's consent, Defendants have been unjustly enriched as alleged herein.

43. Plaintiff's property given to or spent on behalf of Defendants totals $310,000. In addition, Plaintiff is entitled to his rightful Partnership share of the profits from the Talcony Store. Due to the nature of Defendants' and the Talcony Store's accounts and businesses, which are known to Defendants and unknown to Plaintiff, and to avoid manifest injustice by preventing Plaintiff from recouping his property unlawfully converted by Defendants, Plaintiff is entitled to an accounting to determine the amount of restitution and/or damages owed to Plaintiff by Defendants.

44. The exact nature and extent of the assets and property of Plaintiff and the amounts which are due to Plaintiff cannot be ascertained without an accounting of all business records, books, and accounts regarding the Talcony Property and Store, including the profits obtained by Defendants from their use and conversion of Plaintiff's property.

### SIXTH CAUSE OF ACTION
### RECEIVER

45. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 45 above.

46. Due to Defendants' illegal and fraudulent conduct, Plaintiff is entitled to the appointment of a receiver to take custodial responsibility of all of the Partnership assets, including the $310,000 already invested by Plaintiff and the Talcony Property and Store. Such receiver is

7

TODD vs. FINKELSTEIN AND LANCASTER PROPERTY HOLDINGS LLC
COMPLAINT

necessary because the Talcony Store is a cash-based business and therefore a fiscal agent is necessary to ensure that all of Plaintiff's tangible and intangible assets and rights are protected, including the actual profits and value of the Talcony Store.

## SEVENTH CAUSE OF ACTION
## DECLARATORY RELIEF

47. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 46 above.

48. There is a real dispute between the parties as to whether Defendants are unjustly profiting from property belonging to Plaintiff and as to the amount of the unjust enrichment and the nature and value of the assets and property belonging to Plaintiff. Consequently, Plaintiff seeks a judicial declaration that he is entitled to the $310,000 he already invested pursuant to the Agreement and to his share of the Partnership assets, the proceeds of which are presently in Defendants' use, possession, and/or control, and that Plaintiff is entitled to restitution based on Defendants' unjust enrichment and profits arising from Defendants' use and possession of Plaintiffs' property.

## DEMAND FOR JUDGMENT

Wherefore, Plaintiff prays for judgment and relief against Defendants as follows:

1. For compensatory and punitive damages in an amount within the jurisdictional limits of this Court according to proof;
2. For a current fair market valuation of Plaintiff's share of the Partnership assets;
3. For an accounting of profits, as ordered by this Court;
4. For loss of profits, according to proof;
5. For restitution based on Defendants' unjust enrichment, according to proof;
6. For the appointment of a receiver;
7. For the imposition of a constructive trust;
8. For declaratory relief as requested herein;
9. For costs of suit;
10. For costs expended by Plaintiff in pursuit of his property pursuant to Fed. R. Civ. P 54(c);

8

TODD vs. FINKELSTEIN AND LANCASTER PROPERTY HOLDINGS LLC
COMPLAINT

11. For injunctive relief to prevent Defendants' continuing unjust enrichment; and

12. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues to which he is entitled to have tried by jury.

Dated: November 10, 2010

By: _____
Dominick M. Manco, Esq.
Attorneys for Plaintiff

9

TODD vs. FINKELSTEIN AND LANCASTER PROPERTY HOLDINGS LLC
COMPLAINT

# EXHIBIT A